**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP MORGAN dba PHILLIP MORGAN COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> SEEMA K. MAKIN, an individual; HABIR MAKIN, an individual; DOES 1-10, and ROE CORPORATIONS 1-10, inclusive, <br><br> Defendants. | 2:11-cv-00018-ECR-RJJ <br><br><br> **Order** |

Now pending is a Motion to Remand to State Court (#7) filed by Plaintiff on January 7, 2011. Defendants filed their opposition (#11) on January 24, 2011, and Plaintiff replied (#13) on January 28, 2011. The motion is ripe, and we now rule on it.

**I. Background**

Plaintiff filed suit in state court, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and fraud. Plaintiff alleges that due to Defendants' acts, Plaintiff sustained damages in excess of thirty-two thousand dollars, and also requests disgorgement of sixteen thousand dollars allegedly wrongfully retained by Defendants. Plaintiff also requests punitive damages and attorney's fees.

1    Defendants removed the action to federal court on May 18, 2006
2 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.
3 Thereafter, Plaintiff filed an amended complaint (#4) adding
4 Defendant Habir Makin, who had inadvertently been left out of the
5 caption in the original complaint (#1) filed in state court.  Claims
6 and claim amounts do not appear to have been modified in the amended
7 complaint (#4).  It is undisputed that Plaintiff is a resident of
8 Nevada, and Defendants are residents of Alaska.
9    Plaintiff now challenges the removal based on amount in
10 controversy, and seeks to remand the action.
11
12              **II. Standard of Review**
13    A defendant may remove an action from state court to federal
14 court if the federal court would have had original subject matter
15 jurisdiction over the action.  28 U.S.C. § 1441(a).  Original
16 jurisdiction must be based either on a claim involving the
17 Constitution, laws, or treaties of the United States, 28 U.S.C. §
18 1331, or on diversity of citizenship, which applies to suits
19 totaling more than $75,000 in controversy between citizens of
20 different states, 28 U.S.C. § 1332(a).  Federal jurisdiction under
21 28 U.S.C. § 1332(a) requires "complete diversity of citizenship
22 between the parties opposed in interest."  Kimtz v. Lamar Corp., 385
23 F.3d 1177, 1181 (9th Cir. 2004).
24    "In cases where entities rather than individuals are litigants,
25 diversity jurisdiction depends on the form of the entity." Johnson
26 v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).
27 An unincorporated association such as a partnership or limited
28                              2

liability company has the citizenship of all of its members. Id. Thus, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (citation omitted).

A motion to remand is the proper procedure for challenging removal. Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007). The removal statute must be strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Any doubt about the right of removal is resolved in favor of remand. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements are met. Etheridge v. Harbor House Rests., 861 F.2d 1389, 1393 (9th Cir. 1988).

When an amended complaint has been filed after removal, propriety of removal is "determined according to the plaintiffs' pleading at the time of the petition for removal." Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

The party asserting jurisdiction in federal court bears the burden of proof, by a preponderance of the evidence, that the amount in controversy requirement has been met. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996).

3

### III. Discussion

Plaintiff's complaint (#1)[1] alleges costs incurred in excess of thirty-two thousand dollars and also alleges that sixteen thousand dollars paid to Defendants through a secret settlement should have been paid to Plaintiff.  Plaintiff also requests punitive damages and attorney's fees.  Because the specified damages do not meet the amount in controversy, we consider Defendants' argument that the additional claims for punitive damages and attorney's fees suffice to bring this action under federal jurisdiction.

**A. Punitive Damages**

Punitive damages are "part of the amount in controversy in a civil action."  Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) (citing Bell v. Preferred Life Assur. Soc'y, 320 U.S. 238, 240 (1943)).  Defendants cite Nevada law providing that in actions for breach of an obligation not arising from contract where fraud, oppression, or malice is proven, a plaintiff may recover damages in an amount of up to $300,000 when the awarded compensatory damages are less than $100,000.  See NEV. REV. STAT. § 42.005.  Defendants do not set forth, however, any factual support that punitive damages in this case should be considered and that the amount will, more likely than not, exceed the amount needed to increase the amount in controversy above $75,000.  A general recital of a statute awarding punitive damages in non-contractual fraud

---

[1] The Court is aware of the amended complaint (#4), but will, for purposes of this motion to remand (#7), consider the original complaint (#1), attached as Exhibit 1 to the notice of removal (#1).  We note, however, that there is no substantial difference between the two pleadings, other than the addition of Defendant Habir Makin to the caption.

cases is not sufficient.  See, e.g., McCaa v. Massachusetts Mut. Life Ins. Co., 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). Therefore, we conclude that Defendants have failed to meet their burden of proof that the amount in controversy in this case more likely than not exceeds the jurisdictional threshold based on Plaintiff's claim for punitive damages.

**B. Attorney's Fees**

Attorney's fees are part of the amount in controversy if authorized by statute or contract.  Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).  The contract at issue here provides that a party commencing or prosecuting an action in violation of the contract shall be liable for attorney's fees and costs incurred by the opposing party as a result of the action.  Nevada law also allows an award of attorney's fees when the prevailing party has not recovered more than $20,000, or when a claim or defense was "brought or maintained without reasonable ground or to harass the prevailing party."  Nev. Rev. Stat. § 18.010.  The contractual provision cited by Defendants awards attorney's fees for a breach of a covenant not to sue, and does not expressly require a defendant in an action to pay attorney's fees.  Defendants have not provided any evidence that Plaintiff will recover less than $20,000, or that Defendants are defending this claim without reasonable grounds or to harass Plaintiff.  McCaa, 330 F. Supp. 2d at 1150.

In further support of their argument that attorney's fees increase the amount in controversy above $75,000, Defendants provide that Plaintiff stated in verified interrogatory responses that Plaintiff incurred over $173,000 in fees and costs (not including

5

any costs incurred in this action) to prosecute and defend against a separate lawsuit currently pending in state court. Plaintiff argues that those fees and costs are sought in the separate state court proceeding, and not in the present action. Plaintiff explains that the state court action is a lien foreclosure action filed by Plaintiff against Defendants for failure to pay monies due for the construction of the Makins' residence. Defendants have failed to explain how attorney's fees incurred in an ongoing separate action will, more likely than not, be awarded in this action as fees or special damages. Nor do the other grounds cited by Defendants provide factual support that attorney's fees in this action will increase the amount in controversy to exceed $75,000. Plaintiff's claim for attorney's fees, therefore, does not suffice to bring this action under diversity jurisdiction.

### IV. Conclusion

Plaintiff does not seek damages in a specified amount over $75,000. Nor have Defendants proven, by a preponderance of the evidence, that Plaintiff's claims for punitive damages and attorney's fees may be awarded in an amount sufficient to increase the amount in controversy to the amount required for federal diversity jurisdiction. Plaintiff's motion to remand (#7) shall, therefore, be granted and the action shall be remanded to state court.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion to remand (#7) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: April 4, 2011

_____
UNITED STATES DISTRICT JUDGE

7